UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BRADLEY AUSTIN,<br>    Plaintiff,<br>vs.<br><br>CATERPILLAR, INC., a foreign corporation,<br>and BLACK & DECKER, INC., a foreign<br>corporation, d/b/a DEWALT INDUSTRIAL<br>TOOL COMPANY,<br>    Defendants. | Case No.   1:21-cv-01113 |

**PLAINTIFF'S RESPONSE TO DEFENDANT CATERPILLAR, INC.'S
MOTION TO DISMISS**

  NOW COMES Plaintiff Bradley Austin ("Plaintiff"), by and through his attorneys The Law Offices of Peter F. Ferracuti, P.C., and for his Response to Defendant Caterpillar, Inc.'s Motion to Dismiss Counts IX – XVI of Plaintiff's Complaint, states and alleges as follows:

  1.  On March 27, 2020, Plaintiff filed his Complaint in the Livingston County Circuit Court against both Defendants Black & Decker, Inc. and Caterpillar, Inc., alleging counts and/or claims for strict product liability, negligence and breach of warranties against said Defendants. Plaintiff's Complaint was timely filed within the applicable statutes of limitations in Illinois for the aforesaid claims, so the Livingston County Circuit is properly vested with jurisdiction in this matter. Defendant Black & Decker thereafter filed a Notice of Removal, requesting removal of this case from the state circuit court mentioned above, to the Central (Federal) District Court of Illinois, claiming that the matter and/or damages in controversy in this cause exceed $75,000, and that as a result, subject matter jurisdiction is invested in the federal district court.  Another reason that Defendant Black & Decker has sought removal of this case, is that Black & Decker claims that there is complete diversity of citizenship in this cause, as Black & Decker is a foreign corporation, and also because it claims that Plaintiff's inclusion and/or joinder of Co-Defendant

1

Caterpillar, Inc. (hereinafter "Caterpillar"), which is headquartered in Illinois, was fraudulent on Plaintiff's part, and meant to defeat federal diversity jurisdiction mentioned above.  However, as shown in Plaintiff's Response to Black & Decker's Notice of Removal, filed and submitted separately, and incorporated herein by reference, Black & Decker's assertions in its Notice of Removal are without merit.

Moreover, Black & Decker filed a Motion to Dismiss shortly thereafter, claiming that Plaintiff violated Illinois Supreme Court Rule 103(b), by allegedly failing to timely serve Black & Decker within the statute(s) of limitations for Plaintiff's claims against it, and also claiming that Plaintiff did not exercise due diligence in attempting to obtain service upon Black & Decker. Caterpillar, apparently acting in concert with Black & Decker, also filed a Motion to Dismiss of its own, incorporating and/or making some of the same arguments and assertions as in the dismissal motion filed by Black & Decker, specifically the arguments regarding Plaintiff's alleged lateness and lack of diligence in attempting to obtain service upon Defendants, as well as including a few arguments of its (Caterpillar's) own, such as claiming that Plaintiff is barred from seeking civil damages from Caterpillar, because Plaintiff previously filed and obtained a settlement in an accompanying worker's compensation case against Caterpillar, and thus is barred by the exclusive remedy provisions of the Illinois Worker's Compensation Act, as well as by the doctrine of accord and satisfaction.  It should be said that the filing by either Defendant of any Motion to Dismiss is grossly premature on the part of both Defendants, as the instant civil case is still in its early stages.  Thus, both Caterpillar and Decker & Decker are getting ahead of themselves, by filing their respective Motions to Dismiss. As will be shown below, Caterpillar's arguments in its Motion to Dismiss are without merit.

2.      Regarding Caterpillar's argument (which Caterpillar expressly adopted and incorporated into its Motion from Black & Decker's companion Motion to Dismiss in the case at

bar) that, under Rule 103(b) mentioned above, Plaintiff was not diligent in obtaining service upon Caterpillar, it should be emphasized that, after Plaintiff timely filed his Complaint in the instant case, and with the ongoing Coronavirus pandemic emergency, beginning last year and continuing through the present day, together with the limitations and restrictions imposed upon the functioning of the various state and federal court systems as a result of said pandemic, as well as upon county sheriffs' offices and private process servers, Plaintiff can certainly be said to have timely effectuated service upon Caterpillar, and exercised due diligence in doing do, or as best as could have been expected, given the limitations imposed by the COVID-19 situation. Also, as mentioned above as well, Plaintiff timely filed his Complaint in the case at bar, and he was well within the applicable statute(s) of limitations when Plaintiff did so. Caterpillar falsely implies that Plaintiff not immediately obtaining and/or effectuating service upon Caterpillar was deliberate and unjustified on Plaintiff's part, which is a completely unfair assertion to make against Plaintiff, given the difficulties imposed by the extraordinary COVID-19 situation, and the assertion is made by Caterpillar merely for the sake of convenience, as if ignoring the effects of the Coronavirus pandemic will give Caterpillar an advantage when presenting its instant Motion. (See various Illinois Supreme Court administrative orders and directives, as well as various circuit court orders regarding service of process, including from the 13th Judicial Circuit, all attached as Plaintiff's Group Exhibit A).

     Whether or not a litigant was diligent in obtaining service upon opposing parties in a lawsuit should be determined "in light of the totality of the circumstances [of a particular case]." See Martinez v. Erickson, 127 Ill.2d 112, 122 (1989). As stated in Segal v. Sacco (a case also cited and/or mentioned by Black & Decker its Motion to Dismiss), one of the factors that a court may consider when determining and/or deciding whether a plaintiff was diligent in obtaining service upon defendant(s) in a particular case, is whether there were "special circumstances

which would affect [a] plaintiff's efforts." See Segal v. Sacco, 136 Ill.2d 282, 287 (1990). In the instant case, the inevitable delays caused by and/or as a result of the COVID-19 pandemic, in effectuating service upon both Defendants, certainly constitute a special circumstance that affected Plaintiff's efforts. The cases that Defendant substantively cites to in its instant Motion to Dismiss, such as Lewis v. Dillon, 352 Ill.App.3d 512 (1st Dist. 2004), and Long v. Eborno, 376 Ill.App.3d 970 (1st Dist. 2007) for example, are distinguishable from the case at bar, since none of those cases dealt with unavoidable delays imposed upon court litigation, such as those imposed by world-wide disasters such as the ongoing Coronavirus pandemic, and said cases are thus inapplicable to the case *sub judice*.

3. Caterpillar further argues that Plaintiff's claims against it are allegedly barred by both the doctrine of accord and satisfaction and the exclusive remedy provisions of the Illinois Worker's Compensation Act (or IWCA), in which it is stated that an employee-plaintiff may not bring a common-law injury action against his employer, for injuries sustained by the employee while in the course of his employment. See 820 ILCS § 305 *et seq*. Since Plaintiff was employed by Caterpillar at the time that he was injured, Caterpillar asserts that Plaintiff's claims against Caterpillar are barred. However, Caterpillar's assertions in this regard are incorrect as well, as again, since this matter is still in the early stages of litigation, it thus still remains to be seen and/or discovered what additional role Caterpillar may have played in causing Plaintiff's injuries, independent of Caterpillar's alleged concurrent role as Plaintiff's employer.

Indeed, the exclusivity provisions under the IWCA, regarding settlements in worker's compensation claims acting as a bar to concurrent civil lawsuits brought against a claimant's employer, do not apply in cases where a manager or supervisor of a defendant was acting as an alter ego of the defendant (that is the manager/supervisor had such wide-ranging authority and responsibility for, and complete control over, the defendant's business, that his or her actions

could be imputed to and binding upon the defendant, even if the claimant's injury is still ruled accidental, and his resulting civil claim otherwise deemed barred by the courts under the IWCA). See Jones v. UPS Ground Freight, Inc., 2016 WL 826403, at *2 (N.D. Ill. 2016).  In the case at bar, the parties have not started or begun the discovery process in any discernable way, so it is impossible to know for sure at this point as to how wide-ranging the authority and control of Plaintiff's manager(s) and supervisor(s) over Caterpillar was, especially regarding the issuing, distribution, approval for use, and/or modification and maintenance of, tools and instruments, at Caterpillar, including the DeWalt Electric Torque Impact Wrench.  The aforesaid issue and question must be resolved before the Court entertains any Motion to Dismiss in the instant case.

    At the very most, the only effect that the aforesaid worker's compensation settlement can have on the case at bar is that any such settlement that Plaintiff entered into with Caterpillar can be offset, deducted and/or subtracted from any judgment or settlement that Plaintiff obtains against either or both Defendants in the instant case, and nothing more, and it certainly does not necessitate dismissal of Plaintiff's claims against Caterpillar at such an early point in the case at bar.  Also, assuming *arguendo* that Plaintiff's claims against Caterpillar are indeed barred by the ILWCA and the doctrine of accord and satisfaction, Plaintiff may still maintain and litigate its claims against Co-Defendant Black & Decker, as the possible sole remaining Defendant in the instant case, since Black & Decker has committed tortious acts within the State of Illinois, which is sufficient enough to confer jurisdiction over it by the courts of this State, and because Black & Decker has maintained sufficient minimum contacts within Illinois, which is enough to confer jurisdiction over it by the courts of this State as well.  Finally, regarding the doctrine of accord and satisfaction, conclusively ascertaining the intent of the parties that any settlement in a case will completely and fully resolve and satisfy a claim against a respondent or defendant, including any concurrent claims being brough against the defendant in another venue, is vital before the

courts apply the accord and satisfaction concept to bar any related claims in involve the same injuries and sets of facts. See <u>Macneil Automotive Products, Ltd. Vs. Cannon Automotiive, Ltd.</u>, 2012 WL 5306281 at *11 (N.D. Ill. 2012). In the instant case, it must be conclusively proven and determined that Plaintiff absolutely intended that the settling of his workers' compensation case against Caterpillar to be the full and final satisfaction of any and all remaining claims that Plaintiff could ever bring against Caterpillar, in relation to the incident complained of in the instant lawsuit. This must be done prior to the consideration of any Motion to Dismiss by the Court in the case *sub judice*.

      WHEREFORE, Plaintiff Bradley Austin requests that this Honorable Court deny Defendant Caterpillar, Inc.'s Motion to Dismiss in its entirety, and for such other and further relief that this Court deems equitable and just.

                                                  Respectfully submitted,

                                                  <u>/s/ Alexis P. Ferracuti, Esq.</u>
                                                  Alexis P. Ferracuti, Esq.

Alexis P. Ferracuti, Esq., ARDC#: 6316857
The Law Offices of Peter F. Ferracuti, P.C.
110 E. Main St., Ottawa, IL 61350
P (815) 434-3535; F (815) 434-2796
aferracuti@peterferracuti.com

**CERTIFICATE OF FILING AND PROOF OF SERVICE**

I certify that on April 30, 2021, I electronically filed and transmitted the foregoing document(s) with the Court for the Central District of Illinois, Peoria Division. I further certify that the individuals named below have been served by transmitting a copy from my e-mail address to all primary and secondary e-mail addresses of record designated by those individuals.

Andrew Kopon Jr.
Amanda J. Walsh
Kopon Airdo, LLC 111 E. Wacker Drive, Suite 500
Chicago, IL 60601-4205
T: 312.506.4450 / F: 312.506.4460
akopon@koponairdo.com
awalsh@koponairdo.com
***Attorneys for Defendant Black & Decker (U.S.), Inc.***

John P. Heil, Jr.
Robert R. Tenney
Heyl, Royster, Voelker & Allen, P.C.
P.O. Box 6199
300 Hamilton Blvd.
Peoria, IL 61601-6199
peoecf@heylroyster.com
jheil@heylroyster.com
rtenney@heylroyster.com
dnuske@heylroyster.com
rsummer@heylroyster.com
***Attorneys for Defendant Caterpillar, Inc.***

Under penalties as provided by law pursuant to section 1-109 of the Illinois Code of Civil Procedure [735 ILCS 5/1-109], I certify that the statements set forth in this Certificate of Filing and Proof of Service are true and correct, except as to matters therein stated to be on information and belief and as to such matters I certify as aforesaid that I verily believe the same to be true.

/s/ Jennifer Byrd

THE LAW OFFICES OF PETER F. FERRACUTI, P.C.
110 E. Main St., Ottawa, IL 61350
Ph. (815) 434-3535
PRIMARY E-MAIL: aferracuti@peterferracuti.com
SECONDARY E-MAIL #1: piclerk6@peterferracuti.com